IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Lucious Holbrooks, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Carolyn W. Colvin, Acting, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 8:13-2220-RMG<br><br>**ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying him Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on January 26, 2015, recommending that the Commissioner's decision be affirmed. (Dkt. No. 29). Plaintiff timely filed objections to the R & R. (Dkt. No. 31).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is

a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's decision denying Plaintiff's disability claim turned on the Plaintiff's history of substance abuse and narcotic dependency. The Commissioner concluded that in the absence of Plaintiff's substance abuse there would be available jobs in the national economy which he could perform. On the other hand, the Commissioner acknowledged that with Plaintiff's substance abuse included as an impairment, there were not available jobs in the national economy he could perform. Transcript of Record ("Tr.") 29-33.

It is well settled that a claimant is not disabled under the Social Security Act if drug addiction is a "contributing factor material to the Commissioner's determination that the [claimant] is disabled." 42 U.S.C. § 1383c(a)(3)(J); SSR 13-2P, 2013 WL 621536 (February 20, 2013); *Mitchell v. Commissioner of Social Security*, 182 F.3d 272, 274 (4th Cir. 1999). The

-2-

Administrative Law Judge ("ALJ"), after "careful review of the entire record", concluded that if the claimant stopped the substance abuse, he would have the residual functional capacity to perform a level of work that would not render him disabled under the Social Security Act. Tr. 31-32. In reaching that conclusion, the ALJ noted the Plaintiff's admitted abuse of prescribed and illicit drugs, his departure from a drug treatment program against medical advice (with a finding by the treating physician that Plaintiff "had no interest in improving his drug using skills"), and his mild degenerative disc disease as his only significant physical impairment. Tr. 24, 25-26, 27, 614-15.

Plaintiff argued before the Magistrate Judge that the Commissioner erred in failing to properly weigh and consider the opinions of Plaintiff's treating physicians, Dr. Swinton-Jamison and Dr. Cribbs, and to make an appropriate residual functional capacity assessment. The Magistrate Judge thoroughly addressed both issues and concluded that the Commissioner had applied proper legal standards in giving little weight to certain opinions of treating physicians and in making the Plaintiff's RFC determination. (Dkt. No. 29 at 18-38). On appeal to this Court, Plaintiff essentially reargues the same points made to and rejected by the Magistrate Judge.

The Court has reviewed the R & R, the administrative record, the Plaintiff's objections and the applicable case law. The Court is satisfied that the Magistrate Judge ably and thoroughly analyzed the factual and legal issues in this matter and appropriately recommended that the decision of the Commissioner should be affirmed. Therefore, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 38) as the order of this Court and **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

February 20, 2015
Charleston, South Carolina

-4-